**Deane SCAMARDO, Plaintiff,**

v.

**SCOTT COUNTY, ARKANSAS,**
**Defendant.**

No. 97–2213.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

June 8, 1998.

---

Gregory T. Karber, Pryor, Barry, Smith, Karber & Alford, Fort Smith, AR, for Plaintiff.

Robert A. Russell, Jr., Duncan & Rainwater; Little Rock, AR, for Defendant.

### MEMORANDUM OPINION

DAWSON, District Judge.

This matter is now before the Court on Defendant's motion for summary judgment filed on May 13, 1998.

The complaint is filed under the provisions of 42 U.S.C. § 2000e alleging that she suffered an adverse employment action in retaliation for filing a previous discrimination charge and lawsuit against defendant. By way of her complaint, plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages.

Jurisdiction is proper under the general federal question statute, 28 U.S.C. § 1343.

**Background.**

Deane Scamardo (Scamardo) was employed by Scott County (the County) as Solid Waste Manager and as Director of the Office of Emergency Services. In 1996 Scamardo and three other female employees of the County filed a claim of sex discrimination against the County under Title VII. That case was settled on or about January 2, 1997 during a settlement conference before a magistrate.

On or about January 6, 1997, the Scott County Quorum Court held a meeting at which it voted to eliminate the position of Solid Waste Manager and transfer the duties associated with that position to the sheriff's department. The Quorum Court also voted to reduce the employment hours for the Office of Emergency Services from 30 hours per week to 12.44 hours per week thereby making Scamardo ineligible for continued health care coverage. It is alleged that these actions effectively eliminated Scamardo's employment with the County.

In its motion for summary judgment, the County alleges that the Solid Waste Manager position was eliminated because of major financial constraints. The County determined that the sheriff's office had sufficient staff to handle solid waste collections, and so the duties of the manager position were turned over to the sheriff. The County also contends that the Office of Emergency Services was cut because of reduced state and federal funding. In short, both decisions were economic in nature and had nothing to do with Scamardo's involvement in the prior law suit.

According to Scamardo, the actions of the County were taken in retaliation for her participation in the prior Title VII lawsuit. Scamardo contends that the other three women who participated in that suit have since quit their jobs in response to the County's ongoing efforts to retaliate against them. Scamardo also alleges that before the County reduced the Director of Emergency Services position, the position was offered to a male who turned it down.

In its motion for summary judgment, the County argues that plaintiff has failed to show evidence of improper motive; that plaintiff has failed to exhaust her administrative remedies and that the County acting through the Quorum Court is entitled to legislative immunity.

### Discussion.

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252, 106 S.Ct. at 2512. The court views the evidence in favor of the nonmoving party, giving that party the benefit of all justifiable inferences that can be drawn in its favor. If reasonable minds could differ as to the import of the evidence, judgment should not be granted. Id. at 250–51, 106 S.Ct. at 2511–12.

However, the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

At the outset, the Court notes that the defendant's motion analyzes the issues in this case starting from the premise that plaintiff has filed a claim for relief under 42 U.S.C. § 1983. However, the plaintiff's complaint is clearly based on 42 U.S.C. § 2000e. Section 2000e–2(m) makes it unlawful for an employer to discharge or otherwise discriminate against any individual because of her sex. Section 2000e–3(a) makes it unlawful for an employer to retaliate against an individual for her participation in a prior employment discrimination action.

**1. Improper Motive.** There are three elements of a prima facie case in a Title VII retaliation claim: (1) the plaintiff engaged in statutorily protected activity; (2) the plaintiff suffered an adverse employment action; and (3) the adverse employment action occurred because the plaintiff engaged in statutorily protected activity. See Coffman v. Tracker Marine, L.P., 141 F.3d 1241, 1243 (8th Cir.1998); Evans v. Kansas City, Mo. Sch. Dist., 65 F.3d 98, 100 (8th Cir.1995). The prima facie case may be rebutted by the defendant by advancing a legitimate, nonretaliatory reason for the adverse employment action. Id. at 1243. Once defendant has made this showing, the presumption of retaliation disappears and the plaintiff must come forward with evidence that the proffered reason was a pretext for illegal retaliation. Id. See also Cross v. Cleaver II, et al., 142 F.3d 1059, 1071 (8th Cir.1998) (citations omitted.)

Scamardo clearly meets the elements necessary for showing a prima facie case against the defendant. She engaged in a protected activity by filing the previous discrimination action against the County. Shortly after that case was settled, Scamardo suffered an adverse employment action when the County decided to completely eliminate one of her positions and reduce the employment hours for the other position by more than half. Finally, taking the evidence presented in a light most favorable to the nonmoving party, there is support for the allega-

tion that adverse employment action was the result of the previous discrimination complaint. To support her claim, Scamardo offers evidence that each of the three other females who participated in the previous lawsuit has since resigned because of the adverse employment actions taken against her by the County. Scamardo also avers that her job performance was never questioned, and that prior to reducing her employment as Director of Emergency Services, the County first offered the job to a male who turned it down.

■ The County has articulated a legitimate, non-discriminatory reason for the actions it took with respect to Scamardo's employment: that there simply was not enough money to continue paying the salaries associated with the positions held by Scamardo. Therefore, the presumption of retaliation disappears, but a genuine issue of material fact does remain as to whether Scamardo suffered an adverse employment action as a result of her involvement in the prior Title VII litigation against the County. It will be up to the fact finder to determine whether Scamardo has presented satisfactory evidence that the proffered reasons for the County's actions were merely a pretext for illegal retaliation.

**2. Exhaustion of Administrative Remedies.** The County argues that Scamardo's claim should be dismissed because she did not exhaust the administrative remedies available to her prior to filing this claim. The County alleges that it has established a Grievance Committee for reviewing personnel actions and that Scamardo did not go through the Committee prior to filing this action.

42 U.S.C. § 2000e–5(c) provides that when there is a State or local law prohibiting the alleged unlawful employment practice and establishing a State or local authority to whom the aggrieved party must seek relief from such practice, then no charge can be made under Title VII before the expiration of sixty days after proceedings have been commenced under the State or local law.

Arkansas Code Annotated § 16–123–108 provides that an employment discrimination action based on retaliation shall be brought within ninety (90) days of receipt of a notice

from the United States Equal Employment Opportunity Commission (EEOC).

■ Scamardo admits that she did not first go through the County's Grievance Committee before filing a complaint with the EEOC. However, the County received notice of the complaint and participated in the investigation. A copy of the County's response to the charges is attached as Exhibit "C" to the County's motion. Nowhere in the response is it alleged that Scamardo failed to follow the requirement for the commencement of local proceedings prior to filing with the EEOC. Nor does the motion for summary judgment contain a citation to or a copy of the local law that allegedly requires a party to first go through the local grievance committee. On June 30, 1997, Scamardo was issued a "Right to Sue" letter by the EEOC which stated that she could file a lawsuit against the respondent in federal or state court. A copy of this letter was sent by certified mail to the County's representative. Scamardo filed this suit within the time allowed. Absent a clear showing to the contrary, the Court is convinced that Scamardo did follow the proper procedure prior to filing the instant case. Even if she did not, the County effectively waived the exhaustion of administrative remedies argument by participating in the EEOC investigation. Therefore, the motion to dismiss for failure to exhaust administrative remedies is denied.

■ 3. Legislative Immunity. The County contends that the elimination of Scamardo's employment was accomplished through its legislative body, the Quorum Court, and that the defense of "legislative immunity" applies in this case, citing *Bogan v. Scott–Harris,* —— U.S. ——, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). However, the County bases its argument on the premise that Scamardo is seeking relief against individual legislators under 42 U.S.C. § 1983. Such is not the case. The lawsuit names the County as the defendant: no individual county officials are named. In *Bogan v. Scott–Harris, supra,* the Supreme Court held that "[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." The doctrine of legislative immunity clearly protects legislators from individual liability under § 1983 for carrying out their legislative functions, but whether the doc-·

trine is available to protect the County itself in a suit alleging a wrongful employment practice under 42 U.S.C. § 2000e is another question completely. If the County wishes to pursue legislative immunity as a defense to this action, it should brief the issue with more care.

### Conclusion.

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.